**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride (SBN 297557)
ryan@kazlg.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Mark J. Green (SBN 361513)
mark@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Paul Nguyen

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN,<br><br>           Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC; WELLS FARGO BANK, NA;<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br>1. **FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681,** *ET SEQ*.<br>2. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785** *ET SEQ*.<br><br>**JURY TRIAL DEMANDED** |

///
///
///

- 1 -
COMPLAINT

# INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The CCRAA, the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[1] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Cal. Civ. Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if

---

[1] Cal. Civ. Code § 1785.1(d)

the person [furnisher] knows or should know the information is incomplete or inaccurate."

3. PAUL NGUYEN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC (hereafter, "EQUIFAX") and WELLS FARGO BANK, NA (hereafter, "WELLS") (or collectively, "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for the failure of Defendants to properly investigate said reports, conduct which caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Orange County, State of California.

7. Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant(s) named.

## JURISDICTION AND VENUE

9. This action arises out of Defendants' violations of the FCRA, 15 U.S.C. § 1681, *et seq*. and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25.

10. This Court has federal question subject matter jurisdiction over this lawsuit

pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, the FCRA.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since Plaintiff's federal and state claims arise from the same case or controversy.

12. The Court has personal jurisdiction over Defendants because Defendants conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

13. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein arose within this District; and (2) Defendants conduct significant business in this District.

14. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391 because:

   a. Defendants are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this District;

   b. Defendants do substantial business within this District;

   c. Defendants are subject to personal jurisdiction in this judicial district because Defendants have availed themselves of the laws and markets within this District; and,

   d. the harm to Plaintiff occurred within this District.

**PARTIES**

15. Plaintiff is, and at all times mentioned herein was, a natural person who resides in Orange County, State of California.

16. Plaintiff is, and at all times mentioned herein was, a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17. Defendant EQUIFAX is a limited liability company formed under the laws of

the state of Georgia with principal place of business in Atlanta, Georgia. Defendant EQUIFAX is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 6560.

18. Defendant EQUIFAX is a person regularly engaged in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and is therefore a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

19. Defendant WELLS is a stock corporation formed under the laws of the United States with principal place of business in Sioux Falls, South Dakota. Defendant WELLS is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 6560.

20. Defendant WELLS is a furnisher of information, as contemplated by 15 U.S.C. §§ 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code. §§ 1785.3(j) & 1785.25.

21. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

**FACTUAL ALLEGATIONS**

22. On or about March 15, 2022, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California in order to obtain a fresh start and rebuild his credit. Plaintiff's case was assigned Case No. 8:22-bk-10427-ES (the "Bankruptcy").

23. Plaintiff's obligations were scheduled in the Bankruptcy and Plaintiff's creditors received notice of the Bankruptcy.

24. The following information concerning Plaintiff's account with Defendant

WELLS (the "Wells Account") was included in Plaintiff's Bankruptcy.

   a. Account Number Ending in 9548, opened 04/18, balance listed as $16,575.00.

25. On or about July 5, 2022, Plaintiff received a Bankruptcy discharge.

26. Defendant WELLS did not file any proceedings to declare the Wells Account "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

27. Accordingly, the Wells Account and the debt associated therewith was discharged through the Bankruptcy.

28. Sometime prior to March 6, 2025, Plaintiff noticed that the Wells Account appeared on his credit report prepared by Defendant EQUIFAX with an outstanding balance of $16,575.00 and a "date of last reported update" of November 27, 2024.

29. After Plaintiff noticed that an account discharged in Bankruptcy was appearing on his credit report with an outstanding balance, he promptly filed a dispute with Defendant EQUIFAX online using its internal system.

30. Plaintiff is informed and believes, and thereon alleges, that Defendant WELLS received notice of Plaintiff's dispute from Defendant EQUIFAX in accordance with Defendant EQUIFAX's obligation to contact the furnisher of account information pursuant to a dispute of a consumer's credit report.

31. On or about March 16, 2025, Defendant EQUIFAX issued a correction to Plaintiff's credit report, revising the Wells Account's status to "Discharged in Bankruptcy" and removing any outstanding balance.

32. Subsequent to the March correction, on or before July 21, 2025, on information and belief, Defendant WELLS furnished inaccurate information to Defendant EQUIFAX that the Wells Account was not discharged in bankruptcy, in contradiction to Plaintiff's previous dispute.

33. Subsequent to July 21, 2025 and sometime prior to August 22, 2025, Plaintiff noticed that the Wells Account was again appearing on his credit report prepared

by Defendants EQUIFAX and WELLS. The account was reporting with a status of "Charge Off" and an outstanding balance of $16,575.00.

34. Defendant EQUIFAX has willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports. Additionally, Defendant EQUIFAX failed to complete a reasonable reinvestigation under the FCRA after receiving disputes from Plaintiff related to the Account.

35. Upon information and belief, Defendant WELLS did not conduct a reasonable investigation under the FCRA after receiving the dispute from Defendant EQUIFAX relating to the Account.

36. Defendant WELLS and Defendant EQUIFAX failed to review all relevant information provided by Plaintiff in his initial dispute to Defendant EQUIFAX, in violation of the requirements of 15 U.S.C. § 1681s-2(b)(1)(B).

37. Due to Defendants' failure to investigate, it further failed to implement a lasting correction to Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681s-2(b)(1)(C).

38. Plaintiff's efforts to correct Defendants' erroneous and negative reporting of the Wells Account by disputing the information proved to be fruitless since the negative information which Plaintiff disputed continued to appear on his report months later.

39. Had Defendants conducted a proper investigation in accordance with the requirements of the FCRA, the Wells Account should not have reappeared on Plaintiff's credit report with the derogatory information described above.

40. Defendants' continued inaccurate and negative reporting of the Wells Account in light of Defendants' knowledge of the actual error was willful.

41. By inaccurately reporting account information relating to the Wells Account after notice and confirmation of the errors, Defendants failed to take the

appropriate measures as determined in 15 U.S.C. §§ 1681s-2(b)(1)(D) and (E).

42. Furthermore, Defendants furnished information that Defendants knew or should have known was "incomplete or inaccurate," in violation of Cal. Civ. Code § 1788.25.

43. Furthermore, Defendant EQUIFAX failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates in violation of 15 U.S.C. § 1681e(b).

44. As a result of Defendants' acts, Plaintiff suffered actual damages including loss of credit opportunities, mental anguish, and emotional distress.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA),
## 15 U.S.C. § 1681, *et seq.*

45. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

47. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

48. As a result of each and every instance of negligent noncompliance with the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants

## SECOND CAUSE OF ACTION

## THE CONSUMER CREDIT REPORTING AGENCIES ACT

## Cal. Civ. Code § 1785, *et seq*.

49. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

51. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information on a consumer's credit worthiness, credit standing, and credit capacity.

52. Because Defendants are each a partnership, corporation, association or other entity and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated not to furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal Civ. Code § 1785.25(a).

53. Since Defendants received communications from Plaintiff and the U.S. Bankruptcy Court for the Central District of California concerning the discharge of the Wells Account pursuant to Plaintiff's Bankruptcy, Defendants should have known that Defendants' information on the Wells Account was inaccurate or incorrect prior to furnishing derogatory information concerning the alleged debt to any consumer credit reporting agency.

54. As a result of each and every violation of the CCRAA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages of $100-$5,000 per willful violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and attorneys' fees and costs pursuant to Cal. Civ. Code. § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance with the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);
- An award of punitive damages of $1000-$5,000 per willful violation of Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code. § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d); and
- Any and all other relief the Court deems just and proper.

///
///
///
///
///
///
///
///
///

## DEMAND FOR TRIAL BY JURY

55. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: September 16, 2025          Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Ryan L. McBride, Esq.
Ryan L. McBride, Esq.
*Attorney for Plaintiff*